The People     One of the jurymen being a Merchant, was sworn, who
vs.
Susan Rankin testified that red merino shawls, as good as the one now
before the Court, could be bought for thirty dollars new,
that the shawl was not, in his opinion, worth more than
sixteen dollars.

Upon this evidence the jury again passed upon the case,
and a verdict of Petit Larceny was entered against the
prisoner.

---

### The People vs. Susan Rankin.   *Grand Larceny.*

When there    The prisoner, a young mulatto girl, was indicted for a
is no evidence grand larceny, for stealing from the person of William
before the ju-
ry but the tes- Powers, on the 25th of November, 1822, a silver watch.
timony of the    It appeared by the testimony of the prosecutor, that he
prosecutor
and the exam- was walking along Banker street, and was accosted by the
ination of the prisoner.  She took hold of his watch chain and pulled it
prisoner, the
court    will out.  He followed her into a cellar and demanded his
leave it to the watch.  She denied that she had it, or had taken it.  The
jury to decide
which is enti- prosecutor called the watch, and she was taken into cus-
tled   to  the tody, and at last confessed she had the watch, and had
most   credit,
and they will pawned it at a place in the neighborhood.  The officer
decide accor-
dingly. went with her, and the watch was obtained.  She was
brought to the police office, examined and committed.—
She declared, in her examination, that the prosecutor
came into her cellar very drunk; that he lay down in her
bed for some considerable time; that he had vomited
about the floor ; and that he promised to pay her fifty cents
for the trouble he gave her, and left his watch with her in
pledge for the payment of the money.

There was no other witnesses to the facts, and the case rested upon the testimony of the prosecutor and the examination of the prisoner.

*M'Ewen*, and *N. B. Graham*, for the prisoner, addressed the jury.

*Maxwell, District Attorney*, declined.

*By the Court.* " This case rests upon the testimony of " the prosecutor himself, and the examination of the pris- "oner. You, gentlemen of the jury, are to decide whether " the story told by the prisoner, in her examination, is a " fabrication or not. The law has allowed the prosecu- " tor to be a witness, and the law has also allowed the " examinations of prisoners to be read in evidence in certain " cases. The court will not decide which party is entitled " to the greatest weight: because that depends upon the " particular circumstances of each case. The jury are " the proper judges of the credibility of witnesses. If " you are satisfied that it is not an invention of the pris- " oner, but, on the contrary, that the facts actually took · " place, as she detailed them, in her examination, you " ought to acquit; if you think they are the mere inven- " tion of guilt to evade justice, you ought to convict.

" The prosecutor swears that the watch is worth $30 " you have a right, however, if you should think it of less " value than $25, to find her guilty of petit larceny."

The jury found her guilty of petit larceny.

NOTE.—See the case of Deborah Smith, ante. and the note thereto.